THERESA HOFFMAN, Appellant, v. WILLIAM C. CONNER, Late Sheriff, etc., Respondent.

*Sheriff — neglect to enforce execution in replevin suit.*

Appeal by the plaintiff from a judgment entered after a trial at the Circuit, at which the complaint was dismissed; also from an order denying a new trial, upon a motion therefor, made upon the minutes of the court.

Charles Hoffman instituted an action in the Marine Court against the appellant to recover the possession of certain personal property, and at the commencement of such action, by a proceeding under that portion of the Code, entitled " claim and delivery of personal property," took possession of such property and retained the same. The appellant prevailed in the action in the Marine Court and a judgment was entered therein awarding to her a return of the property or the value thereof if return could not be made. An execution was issued to the respondent, as sheriff, in accordance with the judgment, which he returned October 28, 1876, with the following certificate indorsed thereon: " I certify and return to the within execution that I cannot find the personal property within described within my county so as to deliver the possession of, and return same to the defendant by this, as within I am commanded; and I further certify that I cannot find any personal or real property of the plaintiff within my county, out of which I·could make the amount of the value, damages and costs within mentioned or any part thereof."

During the time the sheriff held the execution he was informed where the property was, and an offer was made to point it out to him at the house of one Miller in the city of New York. No reasonable doubt existed as to the identity of the property, which was a quantity of furniture.

The sheriff did not visit Miller's house or make any effort whatever to seize the property and deliver it to the plaintiff.

The court at General Term said: " We are unable to arrive at any other conclusion than that the sheriff wholly neglected his duty in regard to the execution of the process. The pretense that the furniture was in Miller's possession was wholly insufficient to

shield the officer from liability. He should have ascertained by what claim Miller held such possession; whether he had any title superior to the plaintiff; whether any opposition or resistance would be interposed by Miller to the execution of the process.

When a party places in the hands of an officer a process he has a right to expect and require a vigilant and faithful execution thereof. It is for such purpose the office is created, and the incumbent accepts the position charged with the responsibilities involved, and should not be allowed to neglect or evade the performance of duty to the prejudice of a party interested.

The evidence wholly fails to establish a state of facts which justify the sheriff in neglecting or refusing to make delivery of the property in question to the plaintiff. The return shows that nothing could be collected of Hoffman. Consequently by the neglect of the sheriff to deliver the property to the plaintiff she will in all probability be subjected to the loss of the same, with all the expenses attending the controversy. There was certainly evidence of the value of the furniture sufficient to submit to the jury. The inquisition taken by the sheriff in the same proceeding was put in evidence wherein the property was appraised, which furnished some evidence of value as against him. Again, the execution contained a statement of the value of the property, and that was in evidence. We cannot doubt but that there was evidence sufficient upon that question to submit to the jury. (*Ledyard* v. *Jones*, 7 N. Y., 550; *Swezey* v. *Lott*, 21 id., 484; *Bowman* v. *Cornell*, 39 Barb., 69.)

*Edward P. Wilder*, for the appellant. *A. J. Vanderpoel*, for the respondent.

Opinion by Ingalls, J ; Davis, P. J., and Brady, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.